# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>     Debtors<br>_____ | Chapter 11<br><br>Bankruptcy No. 23-00623 |
| MERCY HOSPITAL LIQUIDATION TRUST OVERSIGHT COMMITTEE as designee of the MERCY HOSPITAL LIQUIDATION TRUST,<br>     Plaintiff<br>VS.<br><br>MERCY HEALTH NETWORK, INC. d/b/a MERCYONE, SEAN WILLIAMS, and CATHOLIC HEALTH INITIATIVES – IOWA, CORP. d/b/a IOWA HEART CENTER,<br>     Defendants | Adversary No. 25-09117 |

## OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

The matter before the Court is a Motion to Dismiss (Doc. 23) filed by Mercy Health Network, Inc. d/b/a MercyOne, Sean Williams, and Catholic Health Initiatives d/b/a Iowa Heart Center (collectively, "Defendants"). The Court held a telephonic hearing on November 14, 2025. Roy Leaf appeared for Mercy Hospital Liquidation Trust Oversight Committee as designee of the Mercy Hospital Liquidation Trust ("Plaintiff"). Michael Reck and David Goroff appeared for

Defendants. The Court heard argument and took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2).

While this matter was pending, the United States District Court for the Northern District of Iowa granted Defendants' Motion for Withdrawal of Reference (Doc. 20) based on a jury demand. This leaves this matter in an uncertain posture. Out of an abundance of caution, this Court will treat this as an Opinion and Order of this Court—and in the alternative, a Report and Recommendation for the District Court to consider.

## I. BACKGROUND

Debtors filed their Chapter 11 petition on August 7, 2023. The Court confirmed Debtors' First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation (the "Plan") on June 7, 2024, over the objection of MercyOne—one of the Defendants here. MercyOne appealed. The District Court affirmed. MercyOne then appealed to the 8th Circuit, where the case awaits decision. Under the confirmed Plan, the Mercy Hospital Liquidation Trust was created, and the Debtors' assets were transferred to the Trust. Dan Childers was appointed as the Liquidation Trustee. The Plan also created a three-member Liquidation Trust Oversight Committee to oversee the administration and management of the Trust.

Plaintiff moved, in the bankruptcy case, for substantial prefiling discovery under Bankruptcy Rule 2004 in anticipation of filing this adversary case. MercyOne

2

resisted. This Court granted the motion after several hearings discussing—at length—the scope of discovery allowed. MercyOne then made its own motion for similar Rule 2004 discovery. Plaintiff resisted. Again, this Court granted the discovery, but only after several hearings discussing—at length—the scope of the discovery for MercyOne.

In granting both parties' motions for Rule 2004 pre-filing discovery, the Court specifically relied on both parties' representations that this pre-trial discovery would expedite and streamline the forthcoming litigation. The Court noted the substantial expenditures of time and money involved in the pre-filing process and strongly suggested that the parties discuss settlement before costs got away from them. The parties assured the Court that gathering the information under Rule 2004 was essential to evaluating potential resolution. The Court's final message to the parties was that the Court's orders granting both parties robust pre-filing discovery would result in the Court pushing the matter ahead to expedite its path to trial. The Court emphasized that it would not allow the case to move sideways any further.

Plaintiff filed this adversary proceeding on August 6, 2025. On September 2, 2025, Plaintiff filed an Amended Complaint, asserting fourteen separate causes of action. Counts I, II, III, and IV assert causes of action for avoidance and recovery of certain transfers to MercyOne under sections 544, 547, 548, and 551 of the Bankruptcy Code and Chapter 684 of the Iowa Code. Counts V, VI, VII, VIII, and X

assert causes of action for breach of contract, unjust enrichment, breach of fiduciary duty, and negligent misrepresentation against MercyOne. Count IX asserts a claim for breach of fiduciary duty against Sean Williams. Counts XI, XII, XIII, and XIV assert causes of action for avoidance and recovery of certain transfers to Iowa Heart under sections 544, 547, 548, 550, and 551 of the Bankruptcy Code and Chapter 684 of the Iowa Code.

Defendants filed this Motion to Dismiss on September 19, 2025. Plaintiff filed a response (Doc. 23). Defendants filed a reply in support of their motion (Doc. 31). The Court heard telephonic argument on this matter shortly before Thanksgiving. For the reasons stated below, Defendants' Motion to Dismiss is DENIED.

## II. DISCUSSION

Defendants assert three arguments in support of dismissal: (1) the Amended Complaint does not comply with the requirement in Federal Rule of Civil Procedure 8 that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief" because it is too long and too detailed; (2) an unjust enrichment claim cannot be based on a purported breach of contract; and (3) a breach of contract claim cannot be transformed into fraudulent conveyance, preference, and voidable transfer claims when the allegations are based on matters covered by the contract.

During argument, the Court raised its concern that the matter was immediately moving sideways. The Court again noted the additional time and expense of this

motion, the likelihood of further motions, and how this cut against the parties' earlier

representations. In the process, the Court again referenced its earlier comments on

factoring this into settlement. Defendants' counsel responded sharply that his clients

did not appreciate the Court pressuring them to settle, saying that they now wanted

to fight for total vindication. This Court then made clear that Defendants' position

was a change in tune and tone from the previous understanding that evaluating

potential resolution was a common goal of all parties. The Court then reiterated that

Defendants were not being prohibited—and would not be prohibited—in any way

from proceeding on the merits and an attempt at full vindication at trial. The Court

emphasized, however, that it would push the parties towards trial and not let the case

get bogged down in litigating pretrial disputes.

## A. Rule 8

Defendants argue that the Amended Complaint violates the Federal Rules of

Civil Procedure's requirements for "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule was originally

intended to provide a minimum standard for pleading—the **minimum required** to

give the other party notice of the claims. 5 Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 1202 (4th ed. 2008). Defendants assert that "[t]he

complaint includes unnecessary detail, and excessively recites purported evidence

more appropriate for a trial brief or summary judgment motion, after discovery

5

occurs, than a complaint." (Brief in Support of Motion to Dismiss, Dkt. #23, p. 3). They point to case law noting that the language of Rule 8 is not only a minimum requirement but can also be used to set a maximum limit on pleading in some cases. Defendants argue that answering the Amended Complaint would impose an undue burden and require them to "write their own novel" in response. Defendants also argue that Plaintiff's pleading tactic is unfair and confusing. They assert that Plaintiff has engaged in a form of "shotgun" pleading by incorporating all previous paragraphs at the outset of each count, making it impossible to determine the actual grounds for individual claims. Defendants also argue for a more concise, tightly edited, and easily understood complaint and ask the Court to dismiss the complaint without prejudice or to strike all of the superfluous, unnecessary detail.

In response, Plaintiff argues that under relevant case law, the length of a complaint or its detail alone is not grounds for dismissal under Rule 8. Instead, the Court should consider whether the complaint is coherent and puts the Defendants on notice of Plaintiff's claims. In addition, Plaintiff argues that the level of detail provided in the Amended Complaint may be necessary to meet the heightened pleading standards for fraud found in Federal Rule of Civil Procedure 9(b).

Rule 8 of the Federal Rules of Civil Procedure is made applicable in adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure. Under Rule 8, any pleading that contains a claim for relief must include "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "No technical form is required," and the Court must construe pleadings "so as to do justice." Fed. R. Civ. P. 8(d)(1), (e).

This general pleading standard is adjusted to provide a heightened minimum standard when certain claims for relief are asserted, such as those involving fraud or mistake. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This Court has held that Rule 9 does not apply to claims for avoidance and recovery of constructively fraudulent transfers, only to those claims involving actually fraudulent transfers. Sergeant v. OneWest Bank, FSB (In re Walter), 462 B.R. 698, 707 (Bankr. N.D. Iowa 2011). Here, Plaintiff is seeking avoidance and recovery of constructive fraudulent transfers. There are no allegations of actual fraud. However, as Plaintiff points out, the Eighth Circuit has not ruled on this pleading issue and the

7

Fifth Circuit (in discussing Eighth Circuit case law on constructive fraud) has found that the 8th Circuit applied the heightened pleading standard of Rule 9. Jacobs v. Crowley (In re Life Partners Holdings, Inc.), 926 F.3d 103, 120 (5th Cir. 2019). Given this uncertainty, Plaintiff was not improperly taking into account the heightened pleading standard of Rule 9. Thus, the Court factors into this analysis Plaintiff's proper caution in using a heightened standard. The Court need not determine whether the Rule 9 heightened standard applies because it finds Plaintiff's Amended Complaint does not violate Rule 8, even if Rule 9 does not apply.

### 1.  Length and Detail

What constitutes a "short and plain statement of the claim" under Rule 8 depends on the circumstances of the particular case. "The pleadings in a case involving a single plaintiff, a single defendant, and one transaction usually will be much shorter and simpler than the pleadings in a case involving several plaintiffs, numerous defendants, and more than one transaction." Wright & Miller, supra, § 1217. **"[A] complaint that sets forth intelligible legal claims should not be dismissed under Rule 8 simply because it is too long and contains unnecessary details**." Miller v. Alco Mgmt., Inc., No. 22-5825, 2023 WL 2607458 (6th Cir. Mar. 20, 2023) (emphasis added). See also Kensu v. Corizon, Inc., 5 F.4th 646, 651 (6th Cir. 2021) ("[W]hile excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal."). "[D]ismissal for a

8

violation under Rule 8(a)(2) is usually confined to instances in which the complaint is **so verbose, confused and redundant that its true substance, if any, is well disguised.**" <u>Hearns v. San Bernadino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008) (emphasis added) (internal quotations omitted). <u>See also</u> <u>Doe v. University of Iowa</u>, No. 3:22-CV-00001, 2022 WL 4182196, at *1 (S.D. Iowa Sept. 2, 2022) (citing <u>Koll v. Wayzata State Bank</u>, 397 F.2d 124, 126 (8th Cir. 1968)) ("Complaints that are unnecessarily verbose and do not allow a party to understand or meaningfully respond to allegations do not meet the Rule 8 standard and are subject to dismissal."). Under Rule 8, the Court must determine whether the Amended Complaint gives the Defendants fair notice of: (1) what the Plaintiff's claims are; and (2) the grounds upon which those claims rest. <u>See</u> <u>Erickson</u>, 551 U.S. at 93; <u>Twombly</u>, 550 U.S. at 555. The first part of this analysis is largely undisputed here. While Plaintiff's Amended Complaint is lengthy and likely includes details that are ultimately unnecessary at this early stage of the case, it is logically organized and clearly written. Each claim and the defendants to which they relate are separately set out and labeled. Defendants have not argued that they are unable to discern what claims the Plaintiff is bringing against them. The Court thus concludes that the Amended Complaint is enough to "give the defendant[s] fair notice of what the plaintiff's claim[s] [are]." <u>Id.</u>

The second part of the analysis is somewhat less clear. The Plaintiff's Amended Complaint is 106 pages long. The first 73 pages contain a detailed factual recounting of the parties' relationships and the events leading up to Mercy Hospital's bankruptcy filing. The remaining pages set out fourteen causes of action against three defendants. As previously mentioned, lengthy and unnecessarily detailed complaints are not cause for concern as long as defendants are able to identify the claims against them and the facts supporting those claims. This is not a simple one-transaction, one-defendant case. It allegedly involves the many complicated transactions of running a hospital over many years. Much of what the Court dealt with in the underlying bankruptcy is now involved in this case. There are three defendants and fourteen separate claims. This case thus falls into the category of complex business litigation that properly involves a longer, more detailed complaint to fully and fairly set of the claims. <u>See</u> Wright & Miller, <u>supra</u>, § 1217. Again, the general rule is that "a complaint that sets forth intelligible legal claims should not be dismissed under Rule 8 simply because it is too long and contains unnecessary details." <u>Miller</u>, 2023 WL 2607458 at *1. The Amended Complaint is not "so verbose, confused, and redundant that its true substance, if any, is well disguised." <u>Hearns</u>, 530 F.3d at 1131. Dismissal here would be unwarranted. Thus, the main thrust of Defendants' argument—that the Amended Complaint is too long with too much detail—is an insufficient basis for dismissal.

Defendants admittedly cite cases where courts have dismissed cases based on the length and detail of the complaint. This Court expressly finds and holds (or recommends such a finding and holding) that those cases are out of step with the Circuit case law noting that the length and detail of a complaint is not a sufficient basis for dismissal. As Judge Posner, writing for the 7th Circuit noted, it would be "an abuse of discretion… to dismiss a complaint merely because of the presence of superfluous matter. That would cast district judges in the role of editors, screening complaints for brevity and focus; they have better things to do with their time." Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001) (citations omitted).

### 2. Excessive Incorporation by Reference

Defendants have also argued that the Amended Complaint is subject to dismissal because of the excessive incorporation of preceding paragraphs by reference. "[I]n order to encourage pleadings that are short, concise, and free of unwanted repetition," the Federal Rules permit a party to incorporate earlier allegations in a pleading by reference. Wright & Miller, supra, § 1326; Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading"). However, excessive incorporation by reference can, in some circumstances, "lead to the introduction into the pleadings 'of considerable unnecessary matter.'" Iowa Health Sys. v. Trinity Health Corp., 177 F. Supp. 2d 897, 906 (N.D. Iowa 2001) (citing Van Dyke Ford, Inc. v. Ford Motor Co., 399 F. Supp.

277, 285 (E.D. Wis. 1975)). One example of this is what many courts have called a

form of "shotgun pleading"[1] — "a complaint containing multiple counts where each

count adopts the allegations of all preceding counts, causing each successive count

to carry all that came before and the last count to be a combination of the entire

complaint." <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1321 (11th Cir.

2015). <u>See also id.</u> n.11 (collecting cases). Shotgun complaints may be held to violate

Rule 8 when "it is **virtually impossible** to know which allegations of fact are

intended to support which claim(s) for relief." <u>Anderson v. District Bd. of Trustees</u>

<u>of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996).

This argument is also judged under the Rule 8 analysis and is similarly

unavailing. Here, the first paragraph under each of the counts incorporates by

reference "all preceding paragraphs as if fully re-alleged herein." As noted above,

incorporating previous paragraphs by reference is allowed and is, in fact, a very

common practice. Typically, this incorporation by reference would be limited to the

factual background section of the complaint and other facts that detail the

relationship between the parties. Here, Defendants argue that the incorporation by

---

[1] The 11th Circuit has identified four categories of "shotgun pleadings." <u>Weiland</u>, 792 F.3d at 1321. The first and most common category is the one discussed here. <u>Id.</u> The remaining categories include complaints that: (1) are "replete with conclusory, vague, and immaterial facts," (2) do not separate causes of action into different counts, and (3) "assert[] multiple claims against multiple defendants without specifying which defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Id.</u> at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Id.</u>

reference uses broader language than necessary and could be read such that each successive count incorporates everything that came before it, including prior counts—making the final count, Count XIV, a combination of the entire complaint. Such a broad reading may in fact make counts beyond Count I read in an absurd fashion to the extent it incorporates the previous paragraphs of law into all the following claims. But this Court does not read the Amended Complaint so broadly or to intend such an understanding. The Court instead reads the Amended Complaint to incorporate all of the factual background. Read in this fashion, it is not impossible to understand which allegations might support which claim(s). The factual background being re-alleged does not make the Amended Complaint unintelligible and leaves the claims based on those facts. There is no violation of Rule 8's requirements when the Amended Complaint is so read. The Court's interpretation of the Amended Complaint is consistent with the directive of Fed. R. Civ. P. 8(e) that "[p]leadings must be construed as to do justice."

### 3. Other Alleged Inadequacies in the Amended Complaint

Defendants also appear to claim that the long and detailed complaint should have been written more clearly and concisely—and provided an easier way to match specific factual allegations to the legal claims for relief. One court rejected such an argument, noting that "[d]efendant cite[d] no requirement in the federal rules or in case law that factual allegations be matched to specific counts." <u>Balensiefen v.</u>

Princeton Nat. Bancorp, Inc., No. 10-CV-1263, 2011 WL 2516897 at *4 (C.D. Ill. Mar. 30, 2011) (citing Hatmaker v. Mem'l Med. Cent., 619 F.3d 741, 743 (7th Cir. 2010)). See also United States v. Fischer Excavating, Inc., No. 4:12-CV-4082, 2014 WL 4638600 at *6 (C.D. Ill. Sept. 17, 2014) (citing Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 465–66 (7th Cir. 2007)) ("[T]he Federal Rules do not require plaintiffs to plead the elements of legal theories along with facts matching each element."); Melvin v. U.S. Dep't of Veterans Affs., 70 F. Supp. 3d 350, 356 (D.D.C. 2014) (citing Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000)) ("The plaintiff need not plead all of the elements of a prima facie case in the complaint… nor must the plaintiff plead facts or law that match every element of a legal theory.").[2]

Defendants' briefing was filled with comments about how the Amended Complaint could have been written more briefly and concisely. Defendants had several editing suggestions. This material adds nothing to the analysis of what is **required** by the law for dismissal or the other relief they request. It simply requests

---

[2] The United States District Court for the District of Minnesota previously interpreted 8th Circuit case law to require plaintiffs to match facts to each element of a legal theory. American Institute of Physics v. Schwegman Lundberg & Woessner, P.A., No. CIV. 12-528, 2012 WL 3799647, at n.1 (D. Minn. July 2, 2012) (citing Brown v. Simmons, 478 F.3d 922, 923 (8th Cir. 2007)). In Brown, the 8th Circuit said only: "each element of the claim must be pled in the complaint." Id. at 923. It did not require the complaint to carefully match alleged facts to each element of the claim—as Defendants appear to argue. Defendants have not argued that Plaintiff failed to plead each element; only that Plaintiff did not carefully match up the factual allegations to each claim. That is not required.

Moreover, the Federal District Court for the Northern District of Iowa has noted that the Brown case was effectively overruled by the Supreme Court's decisions in Iqbal and Twombly. Cornerstone Consultants, Inc. v. Production Input Solutions, 789 F. Supp. 2d 1029, 1039 (N.D. Iowa 2011) ("Even if the decision of the Eighth Circuit Court of Appeals in Brown had correctly stated the law at the time, it does not do so now, in light of more recent formulations of the pleading requirements by the Supreme Court.").

what Judge Posner cautioned against—making judges editors of complaints. <u>Ruby Foods</u>, 269 F.3d at 820.

Even if there is a technical violation of Rule 8, this ruling (or report and recommendation) is consistent with case law noting that, in cases of technical violations, "**the appropriate remedy is rarely immediate dismissal**." <u>Kensu</u>, 5 F.4th at 652 (emphasis added). "Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal." <u>Bennett v. Schmidt</u>, 153 F.3d 516, 518 (7th Cir. 1998). Courts may instead "relieve a defendant of the burden of responding to a complaint with excessive factual detail by 'simply strik[ing] the surplusage' using Rule 12(f) or **excusing the defendant from answering certain allegations**." <u>Kensu</u>, 5 F.4th at 652–53 (citing <u>Hearns</u>, 530 F.3d at 1132) (emphasis added). Here, the Court excuses Defendants from responding to any of the realleged paragraphs, beyond those in the factual background (¶¶ 1 – 338).

This ruling is consistent with the case law and the Court's previous Rule 2004 discovery rulings where it informed the parties that the case would continue moving forward whenever possible—not sideways. There is no reading of the case law that requires dismissal here. This is not a case of repeated failure to properly plead a case, or a case of vexatious pleading, which could justify dismissal. <u>See id.</u> at 653. The claims are intelligible and sufficiently pled to give Defendants fair notice of the

claims and the general universe of facts upon which they are based to allow for a coherent response.

## B. Unjust Enrichment

Defendants next argue that Plaintiff's unjust enrichment claim (Count VI) is not legally permissible because Plaintiff also makes a breach of contract claim. Throughout the Amended Complaint, Plaintiff repeatedly refers to the Affiliation Agreement (the contract between the parties) and asserts that the transfers at issue were payments made under that agreement. Defendants assert that under Iowa law, unjust enrichment only implies a contract in cases where a contract does not exist and that the doctrine cannot be extended to cases like this one, where an enforceable contract exists between the parties. Defendants argue that because the existence of a contract between the parties is undisputed, Plaintiff fails to state a claim for unjust enrichment.

Plaintiff argues that it has properly pled unjust enrichment as an alternative theory of relief to breach of contract. Plaintiff asserts that MercyOne received a number of payments for purported expenses that ultimately may not have been within the scope of the contract or that Defendant was paid for things it never did under the contract. Plaintiff argues that because the parties will likely litigate the scope of the contract, if it is later determined that some of the payments at issue did not fall under the agreement, those payments could fall within the unjust enrichment

theory of relief. Plaintiff believes that unjust enrichment was properly pled in the alternative.

In response, Defendants argue that nothing in the Amended Complaint suggests that Plaintiff pled unjust enrichment in the alternative. They point out that the complaint uses the word "alternative" only once, and not in relation to any claims. In addition, Plaintiff seeks $14.5 million on its unjust enrichment claim and $18.8 million on its breach of contract claim. Defendants argue that there is no indication that this relief is sought in the alternative.

### 1.  Standard for Motion to Dismiss

To survive a motion to dismiss, this Count must satisfy Rule 8(a)(2). "[The] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Schriener v. Quicken Loans, Inc.</u>, 774 F.3d 442, 444 (8th Cir. 2014) (quoting <u>Iqbal</u>, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. "[T]he complaint should be construed in the light most favorable to the plaintiff and with all doubts resolved in his favor." <u>Cool v. Int'l Shoe Co.</u>, 142 F.2d 318, 320 (8th Cir. 1944).

### i.   Unjust Enrichment Doctrine

Unjust enrichment is an equitable doctrine which "mandates that 'one shall not be permitted to unjustly enrich himself at the expense of another or to receive property or benefits without making compensation' for them." Johnson v. Dodgen, 451 N.W.2d 168, 175 (Iowa 1990) (citing Larsen v. Warrington, 348 N.W.2d 637, 642–43 (Iowa App. 1984)). Unjust enrichment implies a contract where one does not exist so that a party may recover damages from the party who has been unjustly enriched. State, Dept. of Hum. Servs. ex rel. Palmer v. Unisys Corp., 637 N.W.2d 142, 154 (Iowa 2001). The doctrine does not apply when an enforceable contract exists between the parties on the same subject matter. Johnson, 451 N.W.2d at 175. Where the existence and scope of an express contract is **undisputed**, an unjust enrichment claim directed towards the same subject matter is not allowed. Meardon v. Register, 994 F.3d 927, 936 (8th Cir. 2021) (citing Kunde v. Estate of Bowman, 920 N.W.2d 803, 807–08 (Iowa 2018) and Scott v. Grinnell Mut. Reinsurance Co., 653 N.W.2d 556, 561 n.2 (Iowa 2002)) (emphasis added). However, "[a] party is **not barred from pleading unjust enrichment in the alternative** to a breach of contract claim **when the existence and terms of a contract are in dispute**." Id. (emphasis added).

*2. Analysis*

For reasons similar to those stated in the section above, the Court denies dismissal of the unjust enrichment claim. Plaintiff stated in argument that Count VI

is pled as an alternative if the contract is found to be limited in scope or otherwise insufficient. The Court also reads this Count as pleading in the alternative.

Rule 8 provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically …. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Taken together, Rule 8(d)(2) and (d)(3) make clear that a party may plead alternative and inconsistent claims. "While the [Plaintiff] need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing." Holman v. Indiana, 211 F.3d 399, 407 (7th Cir. 2000) (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1282 at 525 (2d ed. 1990)). Paragraph 10 specifically states that "this action is commenced under Iowa law for MercyOne's breach of the Affiliation Agreement, unjust enrichment resulting from its failure to fully perform under the Affiliation Agreement, **and** due to its receipt of fees for services it did not provide." While this particular paragraph of the Amended Complaint is not the model of precision, it does sufficiently allege unjust enrichment as an alternative to breach of contract. Plaintiff did also incorporate by reference many paragraphs asserting the existence of an express contract. Some of those paragraphs suggested an unjust enrichment claim not solely premised on the

existence of an express contract. For example, Plaintiff cites paragraph 427 of the Amended Complaint, which alleges that "MercyOne will be unjustly enriched unless the OC is allowed to recover the damages MIC incurred by MercyOne's failure to pursue strategic affiliation with MIC."

Applying the same standards for reviewing pleadings noted in the first section of this Opinion (or Report and Recommendation), Plaintiff has sufficiently pled unjust enrichment in the alternative to its breach of contract claim. While the unjust enrichment count alleges the existence of an express contract and seeks to recover fees paid under that contract, the claim of unjust enrichment is—as Plaintiff recognizes—only available as alternative relief to the extent that the contract does not apply to or cover certain subject matter. Thus, Plaintiff concedes the essential argument Defendants make—that Plaintiff cannot have a claim for unjust enrichment for conduct covered by a valid contract. That does not mean, however, that no unjust enrichment claim is possible. It has been sufficiently pled in the alternative to cover the possibility that the contract is ultimately limited in scope or otherwise invalid. The question is whether there are any facts developed to support its application—a question for summary judgment or trial.

## C. Fraudulent Transfer and Preference Claims

Defendants' final argument is that Plaintiff's fraudulent conveyance, preference, and voidable transfer claims are an improper repackaging of its breach

of contract claim. They argue that Plaintiff cannot affirm the applicability of the contract, sue for its breach, and then seek to base a voidable transfer claim on payments made under that contract. Plaintiff again asserts that all of the voidable transfer claims are properly pled in the alternative.

Defendants' arguments about voidable transfers between parties to a contract lump together separate bankruptcy concepts—fraudulent conveyance, preferential transfer, and other voidable transfers. These concepts are pleaded in separate counts: Count I (Constructive Fraudulent Transfer under Bankruptcy Code § 548(a)(1)(B)); Counts II and III (Constructive Fraudulent Transfer and Insider Transfers under state law using §§ 544, 550, and 551); Count IV (Preferential Transfers to Insiders under Bankruptcy Code § 547). While Defendants refer to fraudulent transfer claims, they appear to be challenging each of these counts.

### 1. Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B)

In order to recover on a constructive fraudulent transfer claim under Bankruptcy Code section 548(a)(1)(B), the claimant "must prove, by a preponderance of the evidence, that the payments to [the recipient defendant within 2 years of the petition date] were **not made in exchange for reasonably equivalent value**." Pummill v. Greensfelder, Hemker & Gale (In re Richards & Conovor Steel, Co.), 267 B.R. 602, 612 (B.A.P. 8th Cir. 2001) (citing 11 U.S.C. § 548(a)(1)(B)) (emphasis added). As a general matter, payments made for work done under a

contract are not fraudulent, as the contract terms—like the consideration provided by each party—readily demonstrate reasonably equivalent value. See In re Endo Int'l Plc, 674 B.R. 349, 412 (Bankr. S.D.N.Y. 2025) ("Abundant case law deems payment of antecedent debt generally dispositive as to whether 'fair consideration' or 'reasonably equivalent value' has been received."). However, these cases acknowledge that there may be limited or unusual circumstances that avoid the underlying contract or limit its scope and allow the court to consider whether the payments were constructively fraudulent. See In re Cent. Ill. Coop., 526 B.R. 786, 791 (Bankr. C.D. Ill. 2015) ("It is widely recognized by courts that where a debtor makes prepetition payments on a contractual debt, in order for those payments to be avoidable as constructively fraudulent, it is necessary for the trustee to first avoid the underlying contract[.]"). The basis for avoiding such a contract requires the plaintiff to show lack of fair consideration or reasonably equivalent value. Again, these issues raise questions of fact that are inappropriate for determination on a motion to dismiss. See In re Endo Int'l Plc, 674 B.R. at 411 ("Whether fair consideration or reasonably equivalent value has been given generally is an inherently fact-driven inquiry and not subject to a mathematical formula."). At this stage, Plaintiff is entitled to plead the fraudulent transfer claims in the alternative. See Cohen v. Ernst & Young LLP (In re Friedman's, Inc.), 372 B.R. 530, 546 (Bankr. S.D. Ga. 2007) ("[T]he fact that a fraudulent conveyance claim may arise out of a

common set of facts in which the elements of a breach of contract claim might also exist does not prevent [a plaintiff] from pleading both claims"); Rizack v. Starr Indemnity & Liab. Co. (In re Grandparents.com, Inc.), 614 B.R. 625, 631 (Bankr. S.D. Fla. 2020) ("The existence of a binding contract does not foreclose a fraudulent conveyance claim if the elements of the cause of action for constructive fraud are met."); Kipperman v. Onex Corp., 411 B.R. 805, 853 (N.D. Ga. 2009) (holding that whether the defendants provided reasonably equivalent value to the debtor with respect to payments made for services to be provided under the terms of a management agreement created material issues of fact; the trustee plaintiff was not barred as a matter of law from bringing the claim).

2. *Fraudulent Transfers and Insider Transfers under State Law – 11 U.S.C. §§ 544, 550, 551*

Plaintiff has made similar fraudulent transfer claims under Iowa Code Chapter 684 using Bankruptcy Code §§ 544, 550, and 551. As this Court noted in a previous decision:

> The Bankruptcy Code allows a trustee to use non-bankruptcy law to avoid certain transfers for the estate's benefit. Under § 544(b)(1), "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim. …" Thus, "under § 544(b)(1), the trustee steps into the shoes of an actual unsecured creditor holding an allowed claim and utilizes whatever state or nonbankruptcy federal law remedies that particular creditor may have."

In re Walter, 462 B.R. 698, 704 (Bankr. N.D. Iowa 2011) (citing In re Porter, No. 07-

1012, 2009 WL 902662, at *18 (Bankr. D.S.D. Mar. 13, 2009)). Iowa Code Chapter

684 is Iowa's enactment of the Uniform Voidable Transactions Act ("UVTA"). The

provisions of UVTA parallel those of § 548 and the same analysis applies under both

laws. Id. at 706 (citing In re Zeigler, 320 B.R. 362, 372 (Bankr. N.D. Ill. 2005) and

Kaler v. Red Rivier Commodities, Inc. (In re Sun Valley Prods., Inc.), 328 B.R. 147,

155–56 (Bankr. N.D. 2005)). Thus, a key part of the state law analysis is whether

payments were made in exchange for "reasonably equivalent value". Id. at 708–09.

Again, lack of reasonably equivalent value has been alleged here—and presents a

factual question to be addressed later in the case. There is no basis for dismissal here.

### 3. Preferential Transfers § 547

A somewhat different rationale applies to the section 547 preference claim

(Count IV). Under section 547, a trustee may avoid transfers as preferences where

the transfers: (1) were made to or for the benefit of a creditor; (2) for or on account

of an antecedent debt owed by the debtor to the creditor; (3) made while the debtor

was insolvent (4) made on or within 90 days before the date of the filing of the

petition or made to an insider between ninety days and one year before the date of

the filing of the petition; and (6) the transfer enabled the creditor to receive more

than the creditor would have received as a distribution in a hypothetical Chapter 7

liquidation if the transfer had not been made. 11 U.S.C. § 547(b). To the extent that

Defendants argue that Plaintiff cannot assert claims to avoid preferential transfers where there is a contract, the Court rejects that argument. Contracts are a routine part of most preference cases. As previously mentioned, one requirement of a preference is that there is payment on an antecedent (previously existing) debt. In re Pippin, 46 B.R. 281, 283 (Bankr. W.D. La. 1984). A contract between the parties defines the terms of most antecedent debt. Id. Thus, the existence of a contract does not in any way prohibit a prima facie claim of preference.

Defendants raise section 547(c) in support of their argument. That section sets out several affirmative defenses to preference actions, including contemporaneous exchange for new value and payments in the ordinary course of business. 11 U.S.C. § 547(c)(1), (2). Defendants are entitled to raise those defenses, if applicable, in their answer to the Amended Complaint. The defenses, however, do not prohibit Plaintiff from pleading such a case. Plaintiff has therefore sufficiently pled the preference claims in the alternative.

### III. CONCLUSION

For the aforementioned reasons, the Court concludes that the Amended Complaint satisfies the requirements of Fed. R. Civ. P. 8 and Plaintiff's unjust enrichment, preferential transfer, and fraudulent transfer claims have been sufficiently pled in the alternative.

**IT IS THEREFORE ORDERED**, Defendants' Motion to Dismiss is **DENIED**.

Ordered:
February 10, 2026

_____
Thad J. Collins
Chief Bankruptcy Judge